334 So.2d 298 (1976)
ROMAN SPA, INC., a Florida Corporation, Appellant (Defendant Third-Party Plaintiff),
v.
Marion LUBELL, Appellee (Plaintiff), and
Connors Construction Co., Appellee (Third-Party Defendant).
No. X-179.
District Court of Appeal of Florida, First District.
June 24, 1976.
Rehearing Denied July 21, 1976.
Marion R. Shepard, of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellant.
David R. Lewis, of Blalock, Holbrook, Lewis, Paul & Isaac, William M. Howell, of Howell, Kirby, Montgomery, D'Aiuto & Dean, and Carle A. Felton, Jr., and Noah H. Jenerette, Jr., Jacksonville, for appellee.
MILLS, Judge.
Roman Spa appeals from a final judgment entered in favor of Lubell following a *299 jury trial in a negligence case, and it appeals from a final judgment entered in favor of Connors Construction Company following a jury trial in an indemnification action.
The issue which is dispositive of both appeals is whether the trial court erred in denying Spa's motion for a directed verdict made at the close of all of the evidence in the trial of the Lubell case.
In August of 1972, Lubell was a patron of Spa, enjoying the steam room, when a portion of the ceiling fell, injuring her. The portion which fell was a part of a false ceiling which had been constructed by Conners in early 1971.
Conners had been contacted by Spa in connection with a water condensation problem in the steam room. Connors originally recommended that the ceiling be replaced, but this was rejected by Spa because it was too expensive. Connors then suggested that a slightly slanted false ceiling be built. This plan called for wooden timbers to be attached to the existing tile ceiling. Galvanized lath would then be nailed to the timbers and three coats of plaster applied to the lath. Connors discussed this plan with George Little, maintenance supervisor for Spa, who accepted the plan.
Although Little observed various stages of the construction, he was not regularly present and had no supervisory function. After the ceiling was completed, Little inspected it and found it to be a good job, completely satisfactory, and capable of accomplishing its purpose. From that point until the day of the accident, Little regularly inspected the ceiling, as he did the other ceilings and walls in the Spa, for cracks and for evidence of other damage. Little was especially careful in checking the walls and ceiling prior to the accident because there was construction going on in the adjoining building, and there was concern as to whether it would do any damage to the Spa.
Lubell sued Spa for damages alleging that Spa negligently maintained the ceiling, and that the negligent condition of the ceiling was known by it or had existed for a sufficient length of time that Spa should have known of it. Spa filed a third party complaint against Connors seeking indemnification in the event it was found liable to Lubell. Spa's motion for a directed verdict made at the close of all of the evidence in the Lubell trial was denied. The jury resolved both suits against Spa. This appeal resulted.
"Liability for negligence in failing to maintain premises in a reasonably safe condition, or in failing to warn of existing dangers, must be predicated on the occupant's superior knowledge or means of obtaining knowledge concerning the danger. In order to recover, a plaintiff must show either that the occupant or proprietor had actual notice of the condition or that the dangerous condition existed for such a length of time that in the exercise of ordinary care the occupant should have known of it and taken action to remedy it or guard the plaintiff from harm therefrom. No liability can attach where it is not shown that the owner or proprietor had actual or constructive notice of the dangerous condition. This is especially true where the dangerous condition is traceable to the acts of persons other than himself and his employees... ." Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666 (Fla.App.1st, 1974).
When an owner accepts work from a contractor, that upon reasonable inspection would reveal a dangerous defect, he has the duty to make the work safe. Thereafter, if a third person is injured, it is the owner's failure to perform his duty which is the proximate cause of the injury. However, the owner cannot be held *300 liable "... where the dangerous condition is one which is not discoverable by inspection". Slavin v. Kay, 108 So.2d 462 (Fla. 1959).
The issue here is whether Spa knew, or through reasonable inspection should have known, that there was a dangerous defect in the ceiling. The only basis for finding that Spa had knowledge or should have had knowledge of the defect is that: (1) Spa agreed that the ceiling should be composed of lath, wood, and plaster; and (2) Little, Spa's maintenance man, observed various phases of the construction. There was no evidence to suggest that Little had any expertise or superior knowledge in the area of building and construction. He had nothing to do with the construction of the ceiling other than being a mere observer. He inspected the ceiling after the construction was completed and it appeared to be a good job.
There were various theories espoused to explain the collapse of the ceiling. Connors testified that he thought the collapse was due to the vibration coming from various construction jobs adjacent to the Spa. There was evidence however that no other wall or ceiling adjacent to the construction was damaged. Witnesses in the construction industry all agreed that using smooth shanked roof nails to attach the metal laths to two-by-fours was improper. Connors even testified that had he known the ceiling would be exposed to the vibration caused by adjacent construction, he would have strapped the metal laths to the two-by-fours.
Spa is charged with the knowledge of any dangerous condition which could have been discovered in the exercise of ordinary care. There is nothing in the record to indicate that Spa knew that improper nails were being used, and nothing to indicate that it should have known. Neither Spa nor its employee, Little, is in the construction business. Spa exercised reasonable and ordinary care for its customers' safety, therefore, cannot, as a matter of law, be held liable for Lubell's injuries.
The trial court erred in failing to grant Spa's motion for a directed verdict at the close of all the evidence in the Lubell suit.
The judgment entered for Lubell and against Spa is reversed. In view of this ruling, it is unnecessary to consider the appeal by Spa in its indemnification action against Connors.
McCORD, Acting C.J., and SMITH, J., concur.