345 So.2d 763 (1977)
Annalee EL SHORAFA and Waleed El Shorafa, Her Husband, Appellants,
v.
Sherburn RUPRECHT et al., Appellees.
No. 76-903.
District Court of Appeal of Florida, Fourth District.
April 7, 1977.
*764 David B. King of Law Offices of Peed & King, Orlando, for appellants.
Richard W. Bates, Orlando, for Air Flow Heating and Air Conditioning, Inc.
DOWNEY, Judge.
This appeal involves the applicability of the rule which exonerates a contractor from liability for negligence for injuries to third parties occurring after a contractor has completed his work and turned the project over to an owner who accepts the work.
In Slavin v. Kay, 108 So.2d 462 (Fla. 1959), the Supreme Court of Florida considered the respective liability of an owner and contractor for injuries to a third person for negligence of the contractor in the construction of the improvement. The court held that, if the offending defect was latent and unknown to the owner, the contractor remained liable, even after the project was completed and accepted by the owner. The rationale of that holding is that the contractor's negligence is the proximate cause of the injury. The Slavin court held, however, that if the defect were patent or if the owner learned of it and did not rectify the condition then the owner's negligence is the proximate cause of the injury rendering the owner liable and exonerating the contractor.
Appellant urges this court to depart from "the anachronistic" holding of Slavin because it was decided eighteen years ago, and "the modern trend" is to equate the liability of contractors with that of manufacturers in products liability cases. However, while conceding the persuasiveness of appellant's argument, we do not perceive it to be our function to attempt a departure from rules announced by the Supreme Court of Florida, though they be several decades old. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). In addition, the holding of the Slavin case has been followed, or at least recognized, in a number of more recent cases, such as Mai Kai, Inc. v. Colucci, 205 So.2d 291 (Fla. 1968); Green Springs, Inc. v. Calvera, 239 So.2d 264 (Fla. 1970); Hutchings v. Harry, 242 So.2d 153 (Fla. 3d DCA 1971); Forte Towers South, Inc. v. Hill York Sales Corp., 312 So.2d 512 (Fla. 3d DCA 1975). As recently as June 1976, the First District Court of Appeal stated in Roman Spa, Inc. v. Lubell, 334 So.2d 298, 299-300 (Fla. 1st DCA 1976):
"When an owner accepts work from a contractor, that upon reasonable inspection would reveal a dangerous defect, he has the duty to make the work safe. Thereafter, if a third person is injured, it is the owner's failure to perform his duty which is the proximate cause of the injury. However, the owner cannot be held liable `... where the dangerous condition is one which is not discoverable by inspection'. Slavin v. Kay, 108 So.2d 462 (Fla. 1959)."
Accordingly, we decline to depart from the rule laid down by the Supreme Court of Florida in Slavin v. Kay, supra, and we affirm the summary judgment appealed from.
AFFIRMED.
CROSS and LETTS, JJ., concur.