362 So.2d 922 (1978)
Marion LUBELL, Petitioner,
v.
ROMAN SPA, INC., et al., Respondents.
No. 50083.
Supreme Court of Florida.
June 30, 1978.
Rehearing Denied October 16, 1978.
David R. Lewis of Lewis, Paul, Isaac & Castillo, Jacksonville, for petitioner.
Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, and Carle A. Felton, Jr., of Boyd, Jenerett, Leemis & Staas, Jacksonville, for respondents.
BOYD, Justice.
In this case the District Court of Appeal, First District, applied an earlier decision as controlling precedent. The decision should not have served as precedent because this case contains materially different facts. Such a "misapplication of law" generates conflict[1] between the two decisions and gives us jurisdiction.[2]
The facts of the case appear in the opinion[3] of the District Court. The case proceeded in this way. Marion Lubell, a patron in the Roman Spa, was injured when a "false" ceiling, constructed by Connors Construction Company, collapsed. She brought suit against the Spa and, in turn, the Spa filed a third party complaint against Connors for indemnification. In the main action, the jury found the Spa liable for negligence and returned a verdict for Lubell of $25,000 in damages. In the indemnity action, the jury returned a verdict for Connors. A consolidated final judgment in keeping with the jury determinations was rendered and the Spa appealed, attacking the verdicts on both liability and indemnification.
The District Court held that the trial court erred in failing to grant the Spa's motion for a directed verdict at the close of the evidence. In so holding the court relied on Slavin v. Kay, 108 So.2d 462 (Fla. 1959). In the course of the Slavin opinion, this *923 Court had stated that the rule freeing contractors from liability for injuries resulting from their defective work, when the work had been turned over to the owner, did not apply "where the dangerous condition is not discoverable by [the owner's] inspection." Slavin, at 466. The district court used the Slavin language to free the Spa from liability because the cause of the ceiling's collapse was that Connors, instead of strapping metal laths to two-by-fours in the ceiling had improperly attached them with smooth shank nails, a defect not discoverable by the Spa's inspection.
To the contrary, there was evidence in the record which indicated that the defect may have been discoverable by inspection. This evidence: approval of the plan for the ceiling by the Spa's maintenance supervisor, the supervisor's observance of some of the construction, and his acceptance of the completed work following inspection; is mentioned in the court's opinion. There is other evidence[4] in the record which indicated that the Spa may have breached the duty of care it owed Lubell and that the breach proximately caused her injuries. There was no rule of law to compel the district court to disturb the jury's evaluation of the evidence as to the Spa's liability and it was incorrect to do so.
The decision that the Spa was not liable made it unnecessary for the Court to consider the challenge to the indemnity verdict. That issue has not been properly briefed or argued here. The cause is remanded with directions for the district court to consider the points on appeal originally raised against the indemnity verdict and to reinstate the liability judgment against the Spa.
It is so ordered.
ADKINS and SUNDBERG, JJ., and MASON, Circuit Judge (Retired), concur.
ENGLAND, J., dissents with an opinion.
OVERTON, C.J., and ALDERMAN, J., dissent.
ENGLAND, Justice, dissenting.
There is no constitutional "direct conflict" between the district court's decision below and our decision in Slavin v. Kay, 108 So.2d 462 (Fla. 1959). The Court's decision today extends our review of district court decisions to its farthest reaches and, so far as I can discern, obliterates any vestige of finality in the district courts.
In Slavin, this Court articulated a rule of law concerning non-discoverable dangerous conditions in negligence lawsuits. The Court then, sitting as the first and only appellate tribunal,[1] reviewed the evidence adduced at trial to determine whether directed verdicts were properly entered against the defendants.
The district court in this case tested the legal principle announced in Slavin against facts adduced by the plaintiff to determine whether defendant's motion for a directed verdict should have been granted. Naturally, the facts in this case are somewhat different from the facts in Slavin, but what two cases are ever precisely alike? If a district court's performance of its standard appellate review function is to be considered a "misapplication of law" every time factual variations produce a different legal consequence for litigants, as perhaps Wale v. Barnes[2] suggests, then I believe we have now reached the point that, for purposes of our "conflict" jurisdiction under Article V, Section 3(b)(3), this Court will re-review all trials in Florida to perform for all litigants the same function which I had thought was assigned not only initially but exclusively to the district courts.
One need only examine the majority's opinion in this case to see that it has done nothing more than disagree with the district court as to the quantity (or quality) of *924 the evidence of discoverability adduced at trial. The Slavin doctrine survives today's decision intact  it simply does not operate for this defendant's benefit. Absolutely no new rule of law can be discerned from the Court's decision today; indeed, the majority's opinion wholly lacks any discussion of law. The majority, I submit, simply disagrees with the district court's evaluation of plaintiff's evidence.
I dissent, once again,[3] on jurisdictional grounds. We are no longer either the first or only court of appellate review in Florida, as we were before the existence of district courts, and we pervert Article V of the Constitution to behave as if we are. Today's decision sets us backward 20 years. We should discharge the writ of certiorari as having been improvidently granted.
NOTES
[1] Wale v. Barnes, 278 So.2d 601, 604 (Fla. 1973).
[2] Art. V, § 3(b)(3), Fla. Const.
[3] Roman Spa, Inc. v. Lubell, 334 So.2d 298 (Fla. App. 1976).
[4] For example, that the Spa didn't take sufficient precaution to protect its patrons when it should have known the collapse might occur due to pile driving in the vicinity.
[1] That litigation preceded formation of the district courts of appeal.
[2] 278 So.2d 601 (Fla. 1973).
[3] National Airlines, Inc. v. Edwards, 336 So.2d 545, 547 (Fla. 1976) (England, J., dissenting).