MILLS, Judge.
In Roman Spa, Inc. v. Lubell, 334 So.2d 298 (Fla. 1st DCA 1976), we reversed the final judgment entered by the trial court in favor of Lubell. By its decision in Lubell v. Roman Spa, Inc., 362 So.2d 922 (1978), the Supreme Court reversed our decision, reinstated the judgment and remanded the case to us with directions that we consider the points on appeal originally raised by Spa against the indemnity verdict in favor of Connors. It was unnecessary that we initially consider this issue.
Lubell sued Spa for damages alleging that Spa negligently maintained the ceiling, and that the negligent condition of the ceiling was known by it or had existed for a sufficient length of time that Spa should have known of it. Spa filed a third party complaint against Connors seeking indemnification in the event it was found liable to Lubell. The jury found for Lubell and for Connors. A detailed statement of the case and of the facts can be found in Roman Spa, Inc., supra.
Spa, in its reply brief, states:
“If Roman Spa knew of the defective and dangerous ceiling . . . or if Roman Spa should have known of it because it would have been discovered upon inspection, then responsibility for the condition is Roman Spa’s, not Connors. . . .”
“Connors should have been dismissed from the case at the beginning, or at the close of the case upon the ground that plaintiff had not elected to sue it and it was not, under the facts and theory of the case, liable to Roman Spa.”
We affirm the judgment in favor of Connors.
McCORD, C. J., and SMITH, J., concur.