SCHWARTZ, Judge.
On April 11, 1976, the plaintiff-appellant tripped and fell while crossing Collins Avenue (State Road A1A) near its intersection with 67th Street on Miami Beach. Ms. Gross sued the present appellee, Asphalt Material & Paving Company, Inc., which was engaged in repaving the area under a contract with the Florida Department of Transportation. She claimed that it had created a “bump” or “rise” in the street which had caused the accident. The trial *855 judge granted summary judgment for the defendant, which we reverse.
The primary basis of the ruling below seems to have been the conclusion that the appellee was not liable for the injury under Slavin v. Kay, 108 So.2d 462 (Fla.1959). The Slavin doctrine serves to relieve a contractor from liability for obvious defects when the work has been completed and turned over to and accepted by the owner. See El Shorafa v. Ruprecht, 345 So.2d 763 (Fla. 4th DCA 1977), and cases cited. In this case, the record shows that the project in question was not completed and accepted by the D.O.T. until April 22, 1976, eleven days after the accident. There was therefore an unresolved issue as to whether “the work remained in [the defendant’s] charge,” so as to render it liable as the “possessor” of the roadway at the time of the fall. Cockerham v. R. E. Vaughan, Inc., 82 So.2d 890 (Fla.1955). Specifically, we reject the defendant’s contention that the mere inspection and approval of the work in a particular portion of the street by a D.O.T. employee would serve, as a matter of law, to exonerate the asphalt company from responsibility for that area. Until formal acceptance of the entire project by the owner, the contractor remains in control of the work and thus responsible for the correction of any defect it has created. Its liability, in other words, does not cease until the owner’s begins. See Lubell v. Roman Spa, Inc., 362 So.2d 922 (Fla.1978). The question of whether that process had been completed when Ms. Gross was hurt was not properly resolved by summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla.1966). Compare Leveridge v. Lapidus, 105 So.2d 207 (Fla. 3d DCA 1958).
Since we also find that the defendant did not conclusively establish its non-liability for the accident on any other basis, see Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977), the summary judgment under review is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.