396 So.2d 1220 (1981)
Joseph J. CONLEY and Ruth C. Conley, His Wife, Appellants,
v.
CORAL RIDGE PROPERTIES, INC., a Corporation; Liberty Mutual Insurance Company, Realty Management Corporation, and Travelers Insurance Company, Appellees.
No. 79-525.
District Court of Appeal of Florida, Fourth District.
April 22, 1981.
*1221 Norwood S. Wilner, Robert E. Cosby, Walter L. Robison and Robert F. Spohrer Zisser, Robison & Spohrer, P.A., Jacksonville, for appellants.
Gordon James, III, Grimmett, Conrad, Scherer & James, P.A., Fort Lauderdale, for appellee, Realty Management Co., Inc.
Paul R. Regensdorf, Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee, Coral Ridge Properties, Inc.
BERANEK, Judge.
This is a plaintiffs' appeal from a directed verdict entered in favor of defendants at the close of the plaintiffs' case, which was tried before a jury. We affirm.
Plaintiffs, husband and wife, leased a condominium unit from a private owner. On the day in question, Mrs. Conley returned to the condominium unit and found a stranger seated in her living room. The intruder bound and gagged Mrs. Conley and stole various items. Mr. and Mrs. Conley sued Coral Ridge Properties, Inc., and Realty Management Corporation seeking damages for the loss. Coral Ridge was the original developer and builder of the condominium and Realty Management was a corporation which managed the building under a contract with the condominium association. Neither the owner of the apartment unit nor the condominium association which had taken over control of the building was a party to the litigation. At the trial, plaintiffs asserted a cause of action based on negligence and breach of warranty. Mrs. Conley was basically the only witness with actual knowledge of the facts. Her husband did not testify nor did the owner of the apartment. Mrs. Conley stated that the intruder told her he had entered the building by bribing a security guard. She also indicated an air conditioning grille had been kicked out of the wall of the apartment which was apparently the manner of entry into the unit itself.
At the conclusion of the plaintiffs' case, the trial court directed a verdict in favor of both defendants. Plaintiffs appeal alleging that a prima facie case had been established under the negligence and breach of warranty theories. Plaintiffs further urge the court erred in excluding certain evidentiary items.
We affirm the trial court because the facts simply do not support liability as to either of the defendants which plaintiffs chose to sue. The condominium association had taken over the building from the developer and was actually operating it. The condominium association was in charge of security measures and the defendant, Realty Management, had responsibility for security only at the time when owners were moving into the building. The only evidence on the issue showed the intruder entered the building by bribing a security guard and there was simply no evidence that either defendant had any responsibility for the security guards. The condominium association hired and supervised the guards.
Plaintiffs also argue the intruder gained entry to their particular unit by removing an air conditioning grille. This is asserted as a basis for liability against the *1222 developer on the theory that the building was poorly designed in that the grille was accessible via an unlocked utility closet in a common hallway. The rule announced in Slavin v. Kay, 108 So.2d 462 (Fla. 1958), relieves the contractor from liability to third persons for obvious defects when the work has been completed, turned over and accepted by the owner. See also Gross v. Asphalt Material and Paving Company, 382 So.2d 854 (Fla. 3d DCA 1980), and El Shorafa v. Ruprecht, 345 So.2d 763 (Fla. 4th DCA 1977). In the instant case the owner had taken possession of the unit and had leased it out. There was clear evidence that Mr. and Mrs. Conley were totally aware that the air conditioning grille was a possible point of entry into their apartment. They even took special precautions to prevent entry through the closet and grille. Clearly, the defect, if it existed, was patent and obvious. We conclude that plaintiffs did not establish a prima facie case under either the theory of negligence or warranty against either defendant. We also conclude that the plaintiffs' evidentiary arguments are without merit and the final judgment is thus affirmed.
AFFIRMED.
DOWNEY and MOORE, JJ., concur.