We have for review Vaughn v. Edward M. Chadbourne, Inc., 462 So.2d 512
(Fla. 1st DCA 1985), because we find conflict withNeuman v. Davis Water Waste, Inc., 433 So.2d 559 (Fla. 2d DCA), review denied, 441 So.2d 632 (Fla. 1983), and Slavin v.Kay, 108 So.2d 462 (Fla. 1958). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the district court decision in this case.
In October and November 1978 Edward E. Chadbourne, Inc. (Chadbourne) repaved County Road 1087 in Walton County pursuant to a Florida Department of Transportation (DOT) contract. Chadbourne manufactured and laid the paving materials. DOT tested the materials at Chadbourne's plant and at the construction site and found the materials to conform with state requirements. In April 1979, after the repaving work met all state tests and specifications, DOT returned the road to Walton County for maintenance. After this date, Chadbourne had no responsibility for any inspection or maintenance of the road and did not perform any further work or repairs.
Sometime in December 1980 a Walton County commissioner, in the performance of his official duties, inspected a section of the road where it curves to the west. This examination revealed that the southbound lane had eroded, creating approximately a two-inch dropoff in the pavement at the center of the road from the northbound lane to the southbound lane.
In January 1981, at least three weeks after the commissioner's investigation of the dropoff, the Vaughns had a one-car accident on County Road 1087 at the curve in the road where the pavement dropped off. While heading north, Mrs. Vaughn, the driver, caused her car's left wheels to enter the southbound lane, encountering the dropoff when traversing the centerline. Apparently to compensate for being in the wrong lane, Mrs. Vaughn turned the wheel of the car to return the car to its proper lane, thus reencountering the higher pavement of the northbound lane. The car consequently *Page 553 
went out of control and rolled over, killing Mrs. Vaughn and injuring Mr. Vaughn.
Vaughn filed suit against Chadbourne on the theories of negligence, warranty, and strict liability. The trial court granted summary judgment for Chadbourne but gave no reason for its decision. The district court of appeal, surmising that the summary judgment had been entered on a finding that the chain of proximate causation was broken when the defect became patent and was observed by the county, reversed. It held that the manufacturer of a product later incorporated into an improvement in real property is strictly liable for defects in that product and that the manufacturer is not absolved of liability even though the defect becomes patent and observable. 462 So.2d at 515.
In West v. Caterpillar Tractor Co., 336 So.2d 80, 86 (Fla. 1976), we stated that "strict liability should be applied only when a product the manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." As adopted by this Court, an action sounding in strict liability requires the plaintiff to prove that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury. Our review of the instant case reveals that Vaughn has failed to prove that a product proximately caused the instant injuries.
The parties differ as to the nature of the item at issue in this case. Vaughn argues that Chadbourne manufactured paving materials, which later happened to be incorporated into a roadway. Chadbourne on the other hand, argues that it did not sell paving materials, but rather delivered a constructed road. It was the road that was being used and not the raw material; no injury was caused by paving material, but was incurred while using the road.
We find that the public road Chadbourne constructed is not a product for purposes of the application of strict liability. DOT, the purchaser, has at least as much knowledge about road construction as does Chadbourne. It accepted the road after inspecting it. DOT invited Chadbourne's involvement in this repaving project by a sealed bid and not by soliciting buyers in the open market. Because of the nature of state highway contracts, the ability to reap profits at the expense of the consuming public is not present in a state bid situation. There is little disparity in bargaining power between DOT and Chadbourne. Finally, public roads are not available for purchase in the sense that they are offered in the stream of commerce in the way that, for instance, soft drinks or automobiles are. Hence, the principal policy reasons for invoking the doctrine of strict liability are absent here.[1] See generally
Restatement (Second) of Torts § 402A comment c (1965); Prosserand Keeton On The Law of Torts 692-93 (W. Keeton 5th ed. 1984).
Another problem is that Vaughn has failed to make a prima facie showing that Chadbourne's acts proximately caused the injury. InWest we stated that "[t]he ordinary rules of causation and the defenses applicable to negligence are available under our adoption of the Restatement rule." 336 So.2d at 90. There we specifically held that the manufacturer must *Page 554 
place the product in the market "knowing that it is to be used without inspection for defects." Id. at 92.
In the instant case we are faced with the fact that both the materials constituting the roadway and a highly knowledgeable and sophisticated purchaser extensively tested and examined the finished roadway consistent with state procedures. Further, responsibility for the maintenance and repair of the road rested with the county, not Chadbourne.[2] Finally, the defect in the roadway became patent. Indeed, a Walton County commissioner, acting within the scope of his official duties, knew of the problem and investigated it at least three weeks prior to the accident.
Under these facts Chadbourne is not proximately responsible for the injuries sustained by the Vaughns. Vaughn has argued to us that Slavin v. Kay, 108 So.2d 462 (Fla. 1958), cannot be applicable because Slavin concerned a contractor and Chadbourne, while also a contractor, is a party here in its role as a manufacturer because it supplied the asphalt for the road. We find this a distinction without meaning. The key to our holding in Slavin is the patentness of the defect or the owner's knowledge of the defect and the failure to remedy the defect, not whether the party is a contractor. It would be contrary to public policy as well as good common sense to hold a person, whether characterized as a manufacturer or a contractor, strictly liable when the defect is patent or known to the owner.
In conclusion we hold that strict liability does not lie in this case. Given the fact that the proximate cause issue denies recovery in all three theories of liability advanced by Vaughn in the trial court, we quash the decision of the district court and remand for reinstatement of the trial court's summary judgment.
It is so ordered.
BOYD, OVERTON and EHRLICH, JJ., concur.
ADKINS, J., dissents with an opinion, in which SHAW, J., concurs.
[1] This is not to say that Chadbourne would in every sense or instance be immune to a strict liability suit for the manufacture and sale of asphalt mix or even a roadway. While we do not today decide these issues, assume, for instance, that Chadbourne sold bags of asphalt mix in hardware or home repair stores and that the Vaughns purchased a bag of mix and, though they used it consistent with its directions, they nevertheless were burned by the mix or overcome by fumes. In such a situation it might be possible to argue successfully that the asphalt is a product subject to strict liability standards. Similarly, assume Chadbourne held itself out to the public as a paver of private roadways. If Vaughn had Chadbourne prepare and pave a private roadway or driveway that later disintegrated during a rainstorm, with the remains of the road subsequently entering and polluting Vaughn's water supply, a strict liability action might also be proper.
[2] Vaughn also sued the county.