PER CURIAM.
Allen Easterday committed suicide by hanging from a protrusion in the air duct system while imprisoned in the Palm Beach County jail. The complaint, alleging negligence by the architects and engineers, was dismissed with prejudice. We affirm.
This appeal is governed by the doctrine, adopted in Slavin v. Kay, 108 So.2d 462 (Fla.1958), that a contractor is relieved of liability to injured third parties caused by a patent defect after control of the completed premises has been turned over to the owner. It is undisputed, for the purpose of this appeal, that this defect was patent. See also Conley v. Coral Ridge Properties Inc., 396 So.2d 1220 (Fla. 4th DCA 1981) (Air conditioning vent determined to be a patent defect). We recognize that the determination of this issue should not be affected, as a matter of law, by the decedent’s status, age, or competency, or by whether the death was caused by suicide or accident.
The supreme court recently followed the doctrine enunciated in Slavin in Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551 (Fla.1986). This court also adhered to Slavin in El Shorafa v. Ruprecht, 345 So.2d 763 (Fla. 4th DCA 1977). However, appellant argues that the Slavin rule is antiquated and inconsistent with Auburn Machine Works Co. v. Jones, 366 So.2d 1167 (Fla.1979), and West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla.1976). It is also noted that the Slavin court did not have the benefit of considering the issue in the context of the doctrine of comparative negligence, adopted by the supreme court in Hoffman v. Jones, 280 So.2d 431 (Fla.1973). See also Edward M. Chadbourne, Inc. v. Vaughn (Adkins, J., dissenting); Note, Vaughn v. Chadbourne: Strict Liability and the Road that Faded Away, 40 U.Miami L.Rev. 359 (1985).
The supreme court’s decision in Chad-bourne appears to dispose of the appellant’s argument. However, because the court considered the issue of whether the facts were controlled by Slavin, and not whether Slavin should be reconsidered, (although that issue was raised in the dissent), we certify the following question to the supreme court as a matter of public importance:
Does Slavin v. Kay preclude recovery against the architects and/or engineers for a personal injury to a third party caused by a patent design defect in a structure?
Affirmed.
DELL, WALDEN and STONE, JJ„ concur.