518 So.2d 260 (1988)
Darlene EASTERDAY, Etc., Petitioner,
v.
Frank MASIELLO, et al., Respondents.
No. 70082.
Supreme Court of Florida.
January 7, 1988.
Jeff Tomberg of Tomberg & Tomberg, P.A., Boynton Beach, for petitioner.
Joseph W. Downs, III and Pamela A. Chamberlin of Beasley, Olle & Downs, Miami, for Masiello and Master Design Group, Inc.
Winslow D. Hawkes, III and Michael J. Kennedy of Peterson & Fogarty, P.A., West Palm Beach, for Reynolds, Smith & Hills, Inc.
Charles J. Kahn, Jr. of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, amicus curiae, for the Academy of Florida Trial Lawyers.
GRIMES, Justice.
The Fourth District Court of Appeal in Easterday v. Masiello, 501 So.2d 117 (Fla. 4th DCA 1987), certified the following question to us as one of great public importance:
DOES SLAVIN v. KAY PRECLUDE RECOVERY AGAINST THE ARCHITECT AND/OR ENGINEERS FOR A PERSONAL INJURY TO A THIRD PARTY CAUSED BY A PATENT DESIGN DEFECT IN A STRUCTURE?
Id. at 118. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Allen L. Easterday was incarcerated in the Palm Beach County Jail facility when he committed suicide by hanging himself on July 23, 1983. A wrongful death action was filed by petitioner, the decedent's mother, against respondents, the architect and engineer for the construction of the jail, on theories of negligence and strict liability. The second amended complaint alleged that because the design and engineering of the jail did not provide for a guard grille over the air conditioning duct in the cell, Allen Easterday had access to a "yard arm" which he used to hang himself. The trial court concluded that the alleged deficiency was a patent defect for which the respondents could not be held liable and dismissed the action with prejudice. The Fourth District Court of Appeal affirmed the trial court, relying on Slavin v. Kay, 108 So.2d 462 (Fla. 1958).
In Slavin, this Court held that a contractor is relieved of liability caused by a patent defect after control of the completed premises has been turned over to the owner. While we have not explicitly considered whether architects and engineers fall within this doctrine, if the doctrine applies to contractors, logic dictates that it would apply likewise to architects and engineers.
The petitioner concedes that the alleged defect was patent rather than latent. Thus, she realizes that if Slavin is still the rule, it would seem to preclude her cause of action in this case. We reiterate, as we did *261 in Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551 (Fla. 1986), that Slavin is still good law. The legal principle of Slavin has been consistently followed by the courts. See Lubell v. Roman Spa, Inc., 362 So.2d 922 (Fla. 1978); Green Springs, Inc. v. Calvera, 239 So.2d 264 (Fla. 1970); Mai Kai, Inc. v. Colucci, 205 So.2d 291 (Fla. 1967); Jackson v. L.A.W. Contracting Corp., 481 So.2d 1290 (Fla. 5th DCA), review denied, 492 So.2d 1333 (Fla. 1986); Birch v. Capeletti Brothers, Inc., 478 So.2d 454 (Fla. 3d DCA 1985); Mori v. Industrial Leasing Corp., 468 So.2d 1066 (Fla. 3d DCA 1985); Neumann v. Davis Water & Waste, Inc., 433 So.2d 559 (Fla. 2d DCA), petition for review denied, 441 So.2d 632 (Fla. 1983); Conley v. Coral Ridge Properties, Inc., 396 So.2d 1220 (Fla. 4th DCA 1981); El Shorafa v. Ruprecht, 345 So.2d 763 (Fla. 4th DCA 1977). Thus, the issue is whether we will recede from Slavin.
Petitioner correctly points out that tort law has significantly changed since the decision in Slavin. Comparative negligence has taken the place of contributory negligence. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). We now have contribution among joint tortfeasors. § 768.59(3), Fla. Stat. (1985). In West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976), this Court held that a manufacturer could be liable on the theory of strict liability in tort if certain elements were present and adopted the principle of strict liability as set forth in the Restatement (Second) of Torts, section 402A (1965). West, 336 So.2d at 87. Since it is no longer necessary to establish privity in products liability cases, the petitioner argues that similar principles should now apply in cases involving improvements to real property.
However, the holding in Slavin that the contractor was only liable for latent defects was not based so much on the lack of privity as it was on the principle that it would be unfair to continue to hold the contractor responsible for patent defects after the owner has accepted the improvement and undertaken its maintenance and repair. Furthermore, it has long been recognized that the doctrine of strict products liability does not apply to structural improvements to real estate. See Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551, 553 (Fla. 1986); Craft v. Wet'n Wild, Inc., 489 So.2d 1221, 1222 (Fla. 5th DCA 1986); Jackson v. L.A.W. Contracting Corp., 481 So.2d 1290, 1291 (Fla. 5th DCA), review denied, 492 So.2d 1333 (Fla. 1986); Neumann v. Davis Water & Waste, Inc., 433 So.2d 559, 561 (Fla. 2d DCA), review denied, 441 So.2d 632 (Fla. 1983); Alvarez v. DeAguirre, 395 So.2d 213, 216 (Fla. 3d DCA 1981).
In Chadbourne, this Court held that a paving contractor could not be liable for injuries caused by defects in a road after the repaving work had been accepted by the Department of Transportation. Chadbourne, 491 So.2d at 553. We noted that the road was accepted after inspection and that the Department had as much knowledge about road construction as the contractor. Reasoning that "public roads are not available for purchase in the sense that they are offered in the stream of commerce in the way that, for instance, soft drinks or automobiles are," we concluded that "the principal policy reasons for invoking the doctrine of strict liability are absent here." Id. at 553.
In the instant case, there was a completed jail facility that was designed, engineered and constructed pursuant to the requirements of the Florida Department of Corrections and Palm Beach County. The facility was inspected and accepted and thereafter maintained. For purposes of argument, the air conditioning duct which is the basis for petitioner's cause of action contained a patent defect in that it was left uncovered. The rationale of Chadbourne is equally applicable to the facts presented here. We are unwilling to hold that a jail facility is a product that invokes the principles of products liability cases.
The application of Slavin does not preclude recovery. In the case of patent defects, it permits recovery from the owner of the real property who maintains the improvement. On the other hand, a contractor, architect or engineer is not insulated from liability if there is a latent defect. *262 Thus, Slavin does not apply when there has been no acceptance by the owner or where the defect is not discoverable by a reasonable inspection. See Carter v. Livesay Window Co., 73 So.2d 411 (Fla. 1954); Seitz v. Zac Smith & Co., 500 So.2d 706 (Fla. 1st DCA 1987); Simmons v. Owens, 363 So.2d 142 (Fla. 1st DCA 1978).
Petitioner also asserts that the failure to include a grille over the air conditioning vent created an "obviously dangerous" product. Thus, it was a patent danger, and under this Court's previous decision in Auburn Machine Works Co. v. Jones, 366 So.2d 1167 (Fla. 1979), respondents should only be permitted to use the patent danger as a defense, not a bar to recovery. See also Farmhand, Inc. v. Brandies, 327 So.2d 76 (Fla. 1st DCA 1976) (urging rejection of patent danger doctrine); Ford v. Highlands Insurance Co., 369 So.2d 77 (Fla. 1st DCA), cert. denied, 378 So.2d 345 (Fla. 1979).
In Auburn Machine Works, we noted the Farmhand opinion and stated that "we reject the patent danger doctrine and conclude that it does not create an absolute exception to liability on the part of the manufacturer." Id. at 1172. However, petitioner's reliance on the patent danger defense is misplaced. The patent danger defense in products liability cases, enunciated in Auburn Machine Works, is not pertinent in applying the Slavin rule. Under Slavin, the issue is not whether the defect was patent to the injured party as it is in Auburn Machine Works. Rather, the issue is whether the defect was patent to the owner who contracted and accepted the contractor's completed product. Furthermore, the Slavin rule simply limits the class of defendants that the plaintiff can sue; it does not act as an absolute bar to recovery by a plaintiff.
Slavin continues to represent a reasonable limitation on the liability of contractors, architects and engineers. Therefore, we answer the certified question in the affirmative and approve the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.