STONE, Judge.
This appeal follows a jury verdict and judgment in favor of the plaintiff, who was injured when her automobile swerved and hit a wall. The incident was caused by a large accumulation of water on the road. The plaintiff asserted that the water was the result of defects in the drainage system constructed by the appellant-road contractor. The county, engineers, and another contractor were also joined in the suit.
The trial court excluded evidence, offered by State Paving, that the construction was in accordance with oral modifica *280 tions of the original drainage plan and specifications. The basis for excluding the evidence was that the appellant-contractor had not pled a modification of the contract as a defense. Appellant had entered a general denial and contended that any defects were the fault of third parties. The evidence was also excluded because a defense witness had not been specifically named on State Paving’s witness list. See generally Ironman v. Rhoades, 493 So.2d 1097 (Fla. 4th DCA 1986).
The record reflects that all parties, until shortly before trial, were unaware that the one particular drain in question was the source of the water problem. The plaintiffs own expert had proceeded, throughout the discovery process, on the assumption that the problem was created elsewhere in the drain system by a blockage. It was not until the deposition of an expert witness of a codefendant, which was taken approximately three weeks before the trial, that all parties learned for the first time of the location of the correct drain that had caused the problem. The plaintiffs, upon learning that this newly pinpointed drain was not located in accordance with the plans, then took the position for the first time that State Paving had failed to comply with the plans and specifications.
The appellant was not allowed to introduce evidence that the change was made in accordance with an oral modification of the plans and that the change was authorized and requested by the county when they encountered underground utility lines at the point of the initially specified drain. The excluded evidence was particularly significant because the plaintiff made the deviation from the plans a focal point of the trial. The plaintiff also contended that State Paving was cheating on the contract and trying to fool the jury with respect to the location of the drain. It is also noted that during deliberation, the jury made specific written inquiries as to why the drain location had been changed. In essence, plaintiff contended that in the two weeks prior to trial, while all parties were reassessing the case because of the new information, the defendant had a duty to come forward and notify plaintiffs of the reasons why the drain was not where it was indicated on the original plans by raising a new affirmative defense.
The witness whose testimony was excluded, Tanzer Kalayci, was the chief engineer on the project, whose deposition had been taken and who was specifically listed on the witness lists of the other parties. State Paving had not listed all of its witnesses by name but they had, in part, identified them as those witnesses listed on the witness lists submitted by the other parties. No objection had been raised to their identifying witnesses in this manner. Ka-layci had not mentioned the oral modification of the plan in his earlier deposition. But appellant notes that not only was the witness not asked about modifications, but that there was no reason at that time to raise or consider the question.
We conclude that the exclusion of this evidence was an abuse of discretion and that the prejudice was substantial. Cf. LoBue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980), rev. denied sub nom. Burnes v. Stafford-Lobue, 397 So.2d 777 (Fla.1981). Melrose Nursery, Inc. v. Hunt, 443 So.2d 441 (Fla. 3d DCA 1984); First Republic Corporation of America v. Hayes, 431 So.2d 624 (Fla. 3d DCA), rev. denied, 441 So.2d 632 (Fla.1983). We note that there was no sanction involved in the court’s ruling. It is not contended that there was any willful misconduct, untruthfulness, or concealment of facts. Appellant’s counsel had asserted its understanding of the facts in their opening statement, but no motion for mistrial was made despite appellee’s later statement of surprise. There was no surprise at the fact of deviation from the plans, but only at the reason given for it. The reason could have been easily discovered, had the plaintiff retaken the witness’s deposition after the correct drain was identified and found to be at variance with the plans.
Additionally, we find no error in the entry of a directed verdict on the appellee’s seat belt defense, as there was no competent evidence to prove that a seat belt was not used. To the contrary, the undisputed *281 evidence was that the plaintiff was wearing the seat belt at the time of the accident. Cf. Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984). We also find no error in the order denying appellant’s motion for directed verdict on the contention that the work had been completed and surrendered to the control of the county. The trial court properly treated this as an issue of fact. Cf. Gross v. Asphalt Material & Paving Co., 382 So.2d 854 (Fla. 3d DCA 1980). It is not necessary to comment on any of the other issues raised.
Therefore, the judgment is reversed and we remand for a new trial.
WALDEN, J., and WESSEL, JOHN D., Associate Judge, concur.