DANAHY, Acting Chief Judge.
A defendant in a personal injury action appeals orders dismissing with prejudice its cross-claim against three other defendants. We reverse.
The appellant (Johnson) is a defendant in an action brought by the appellees Michael and Susan Miller (Miller). The other three appellees (Landt, Eades and Murphy) were also originally defendants in the Miller action.
Miller’s second amended complaint against Johnson, Landt, Eades and Murphy grew out of Michael Miller’s fall on stairs in a Holiday Inn constructed by Landt, owned by Johnson, and designed by Eades and Murphy. The second amended complaint alleged that the Holiday Inn was negligently constructed, in particular the stairwell in question, “by not allowing sufficient distance between the exit door and the first step in the down direction.”
Johnson filed a cross-claim against Landt, Eades and Murphy in which Johnson asserted that if it is liable for the injuries and damages suffered by Miller, such liability is a result of a latent and dangerous condition of the Holiday Inn owned by Johnson which was designed and constructed by the cross-defendants.
Landt, Eades and Murphy filed motions to dismiss the cross-claim, relying on the rule in Slavin v. Kay, 108 So.2d 462 (Fla.1958). Slavin held that a building contractor is not liable to third parties for injuries that occur after the contractor has completed a building and it has been accepted by the owner, if the defect is found to be a patent defect which the owner could have discovered and remedied. The Slavin rule subsequently was extended to engineers and architects as well as contractors. Under the Slavin rule, if a defect is latent rather than patent, contractors, engineers and architects are not protected from liability.
The motions to dismiss filed by Landt, Eades and Murphy all asserted that, as a *215 matter of law, the allegations of the Miller complaint described a patent defect. The trial judge agreed and dismissed the cross-claim with prejudice.
We believe the trial judge erred in two respects. Ordinarily, whether a condition is latent or patent is a question of fact. Kala Investments, Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA 1989); Milby v. Pace Pontiac, Inc., 176 So.2d 554 (Fla. 2d DCA 1965). We do not believe Miller’s description of the dangerous condition places that condition in the “patent” category as a matter of law. In any event, regardless of the description in the Miller complaint of the defect which caused injury, Johnson is not “locked in” by the Miller allegations. Johnson alleged in its cross-claim that the defect was latent, and we believe it is entitled to raise the issue of latency as the basis of a cross-claim against Landt, Eades and Murphy, notwithstanding a possible interpretation of the Miller complaint that the defect in question was patent. Broward Marine, Inc. v. New England Marine Corp., 386 So.2d 70 (Fla. 2d DCA 1980). This is especially significant here, because Miller has voluntarily dismissed the cross-defendants from the main action.
For the foregoing reasons, we reverse and remand for further proceedings.
THREADGILL and PARKER, JJ., concur.