617 So.2d 448 (1993)
U.S. LODGING OF JACKSONVILLE, LTD., an Indiana limited partnership, Appellant,
v.
H.B. DANIEL CONSTRUCTION COMPANY, INC., f/k/a Danlee Construction Company, Inc., a Florida corporation, Florida Bonded Pools, Inc., a Florida corporation, et al. Appellees.
No. 91-3868.
District Court of Appeal of Florida, First District.
May 3, 1993.
R.J. Inman, Jr., and E.T. Fernandez, III, of Inman & Fernandez, P.A., Jacksonville, for appellant.
Michael I. Coulson and Holly M. Gillespie of Saalfield, Catlin, Coulson & Etheridge, P.A., Jacksonville, for appellee H.B. Daniel Const. Co., Inc.
Daniel C. Shaughnessy of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellee Florida Bonded Pools, Inc.
WEBSTER, Judge.
Appellant (Lodging), plaintiff in the trial court, seeks review of summary final judgments entered in favor of appellees (Daniel and Bonded) on Lodging's claims seeking contractual indemnity, contribution and subrogation. At oral argument, Lodging conceded that the trial court had correctly entered judgment against it on the contribution and subrogation claims. Accordingly, we affirm the judgments as to those claims without further discussion. However, we reverse both judgments as to the indemnity claims.
Daniel, as general contractor, built a motel for Lodging, which Lodging accepted and took control of in 1987. Approximately a year later, a guest at the motel slipped and fell on one or more of four 6-inch-square tiles imbedded in the pool deck surface which, together, spelled out the words "NO DIVING." The guest sued Lodging for injuries sustained as a result of the fall, alleging that Lodging had been negligent because the tiles were "slippery." Lodging eventually settled the action filed against it. It then filed the present action against Daniel, Bonded and others, seeking contractual *449 indemnity, contribution or subrogation.
Lodging's amended complaint alleges the following regarding Daniel and Bonded. In 1986, Lodging entered into a contract with Daniel, pursuant to which Daniel agreed to build a motel for Lodging, including a pool and surrounding deck areas. Daniel, in turn, entered into a subcontract with Bonded, pursuant to which Bonded agreed to build the pool and surrounding deck areas. Daniel and Bonded were negligent because the pool was built with "a latent defect ... not discoverable by ordinary inspection," and not discovered by Lodging  i.e., certain of the deck tiles were not "non-slip surfaced." Because certain of the tiles were not "non-slip surfaced," the pool area did not "comply with all governmental rules and regulations," as required by the contract documents. As a result of the "latent" defect, a motel guest was injured; sued Lodging; and Lodging settled the action. Both the contract between Lodging and Daniel and the contract between Daniel and Bonded contained indemnification clauses for the benefit of Lodging. Daniel and Bonded were actively negligent; and Lodging was not.
Daniel and Bonded each denied all of the material allegations of the amended complaint. In addition, each asserted as an affirmative defense that the action was barred because the alleged defect was "patent," rather than "latent"; and the completed motel had been accepted by Lodging before the accident occurred. Daniel and Bonded each subsequently moved for summary judgment, based exclusively upon that defense which, in turn, is based upon what has come to be known as the Slavin doctrine. The trial court granted the motions for summary judgment, and entered the judgments from which Lodging appeals.
The doctrine upon which Daniel and Bonded relied in support of their summary judgment motions emanates from Slavin v. Kay, 108 So.2d 462 (Fla. 1959). In Slavin, the supreme court held that a building contractor cannot be liable to a third party for injuries sustained as the result of a defect in the construction after the project has been completed and accepted by the owner if the defect is "patent"  i.e., if the defect is either one about which the owner had actual knowledge or one about which the owner would have known had he or she made a reasonably careful inspection. However, the contractor can be liable to a third party in such circumstances if the defect is not one of which the owner either was aware or should have been aware as the result of a reasonably careful inspection  i.e., if the defect is "latent." Although criticized from time to time, the Slavin doctrine remains vital. E.g., Ed Ricke & Sons, Inc. v. Green, 609 So.2d 504 (Fla. 1992); Easterday v. Masiello, 518 So.2d 260 (Fla. 1988); Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551 (Fla. 1986).
To be entitled to a summary judgment, the moving party must demonstrate conclusively that no genuine issue exists as to any material fact, even after all reasonable inferences are drawn in favor of the party opposing the summary judgment. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). When reviewing the propriety of a summary judgment, our task is to determine from the record whether a genuine issue exists as to any material fact. "[A]ll doubts as to the existence of a genuine issue of material fact must be resolved against the moving party"; if "the slightest doubt remains," a summary judgment cannot stand. Fletcher Co. v. Melroe Mfg. Co., 261 So.2d 191, 193 (Fla. 1st DCA 1972). Accordingly, in this case we must determine whether, even after all reasonable inferences are drawn in favor of Lodging, the record establishes conclusively that the defect in the four 6-inch-square tiles was "patent." Only if it does, can the summary judgments stand.
There is no dispute regarding the fact that the four tiles composing the "NO DIVING" sign were clearly visible, precisely as they were intended to be. However, our review of the record leads us to conclude that there is considerable dispute as to whether the alleged defect in those tiles  i.e., that they failed to comply with *450 applicable governmental rules and regulations requiring a "non-slip surface"  either was or should have been apparent to Lodging.
Christopher Markly, who had been the general manager of the motel when it was accepted by Lodging and when the guest slipped, testified that he had felt and was familiar with "the surface material and composition" of the tiles; and that they were neither "rough" nor "slick," but "[s]omewhere in between." However, there is no evidence that either Markly or anyone else associated with Lodging had any expertise regarding the type of tile required to comply with applicable governmental rules and regulations for use in pool areas, or how such tile looked and felt.
Herb Hildreth, a representative of a tile wholesaler (which was also a defendant) testified that whether a particular tile qualifies as "nonskid" is "strictly a judgment call. Just because you give something a coefficient of friction, it doesn't mean it's not slippery." Similarly, Bob Stanley, Bonded's corporate representative, testified that one could not determine whether a tile is "nonskid" by looking at it. Although he implied that one might determine whether a particular tile is "nonskid" by touching it, he testified that he "wouldn't know" how to determine whether a particular tile is "nonskid." Moreover, although Stanley testified that he was familiar with a type of tile that complied with governmental rules and regulations for use in pool areas that felt "rough"; he also testified that he had in the past used a tile with "a smooth finish" which had been "accepted as nonskid tile" for use in pool areas.
For purposes of this appeal, we are unable to distinguish this case from Kala Investments, Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA), review denied, 551 So.2d 461 (Fla. 1989). In Kala, the owner of an apartment building appealed from a summary judgment, based upon the Slavin doctrine, entered in favor of the building's architect and contractor. The issue was whether defects in a window and screen through which a child had fallen were "patent" or "latent." The trial court had concluded that they were "patent." On appeal, the court reversed. It pointed out that Kala had alleged that the window and screen failed to comply with the South Florida Building Code in several respects, including failure of the screen to withstand the required pressure load. While certain characteristics of the window were "obvious," the weakness of the screen was not. Because "there was no evidence that Kala had actual knowledge of the code violation and no evidence that Kala had any special knowledge of screening or the ability of different types of screens to withstand pressure loads," the court concluded that there were "genuine issues of fact to be resolved by a jury" regarding whether the defects were "patent" or "latent." Id. at 913. See also W.P. Johnson Properties, Inc. v. Miller, 549 So.2d 213, 215 (Fla. 2d DCA 1989) ("Ordinarily, whether a condition is latent or patent is a question of fact").
Because we conclude that genuine issues exist as to material facts with regard to Lodging's indemnity claims against Daniel and Bonded, we reverse the summary judgments as to those claims, and remand for further proceedings. The summary judgments in favor of Daniel and Bonded on the contribution and subrogation claims are affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
ERVIN and BARFIELD, JJ., concur.