NESBITT, J.
In their consolidated appeals, an injured motorist and the Florida Department of Transportation (hereinafter FDOT) appeal the final order of the trial court granting summary judgment to a general contractor. We reverse.
Nicholas Borgine was in a one car accident on Interstate 95, at the Golden Glades Interchange, on June 15, 1988. He suffered severe injuries. Mr. Borgine brought suit against both Capeletti Brothers and the FDOT. Capeletti Brothers was the construction contractor on FDOT project 87260-3570, which was completed by December 31, 1986. This included widening the section of the road where the accident occurred. Mr. Borgine’s claim was based on two alleged defects, the first of which was Capeletti’s failure to reinstall a guardrail that had been removed during construction. The project called for widening of the road where the guardrail had been. Since it was within the limits of construction, the guardrail had to be removed. The project plans did not mention the existence of a guardrail and it was not depicted on any of the drawings. The second alleged defect was Capeletti’s failure to construct the embankment at the 4:1 slope required by the specification plans. Parts of the embankment slope did meet this ratio, while other parts were steeper. Based upon these facts, the trial court granted summary judgment in favor *152 of Capeletti Brothers. For the following reasons, we reverse.
Generally, the liability of a contractor is cut off after the owner has accepted the work performed if the alleged defect is a patent defect which the owner could have discovered and remedied. See Slavin v. Kay, 108 So.2d 462 (Fla.1958). However, the test for patency is not whether or not the condition was obvious to the owner, but whether or not the dangerousness of the condition was obvious had the owner exercised reasonable care. Kala Investments v. Sklar, 538 So.2d 909, 913 (Fla. 3d DCA 1989). If the dangerousness of the condition was not obvious, then the defect is latent, and the contractor is not automatically relieved of liability. Whether or not a condition is latent or patent is ordinarily a question for the jury. Id. at 914. Thus, summary judgment is usually inappropriate. Id. at 916.
In the instant case, one of the experts testified during his deposition that he didn’t know how the FDOT could have perceived whether there was a need for a guardrail by just looking at the area. Another expert agreed, stating “when something is not there, I think by its very nature it’s not open and obvious.” In fact, Capeletti Brothers’ own expert believed that the failure to have a guardrail was not a dangerous condition at all. This is completely contrary to the argument that the dangerousness created by the lack of a guardrail is patent. As for the dangerousness of the slope, there is expert testimony below that the variance in the slope between what was actually constructed and what was in the plans could not be discovered absent detailed measurements. Whether the FDOT’s failure to take such measurements was unreasonable, thus relieving Capeletti Brothers of liability, is a question for the jury.
The lower court mistakenly relied on Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551 (Fla.1986). In Chadbourne, a motorist was killed when the car she was driving went out of control as it crossed a drop-off in the road. A few weeks prior to the accident, a county inspector had discovered that the southbound lane had eroded, creating a two inch drop-off in the pavement at the center of the road. The court held that the defect was patent since the county inspector became aware of the problem while acting in his official capacity. Id. at 554. Arguably, we have a similar situation here, with the obvious lack of a guard rail. However, in the current case, there is testimony from below that the absence of a guardrail would not in and of itself put the FDOT on notice of a dangerous condition. In fact, the area might have been more dangerous had a guardrail been erected. By comparison, in Chadboume, the county had actual notice that the road had eroded, thereby creating a dangerous condition. Id. Thus, Chad-boume is wholly distinguishable.
Accordingly, since all facts should be looked at in a light most favorable to the non-moving party, summary judgment was not proper and the order of the lower court is reversed.