SMITH, Acting Chief Judge.
Volusia County and its insurer appeal from a money judgment entered on a jury verdict that appellee Belflower was damaged to the extent of $50,000 when he was injured as his car struck a concrete slab off the surface of a narrow dirt road near Edgewater. The judgment was for $10,000, reflecting the jury’s finding that Belflower’s negligence was 80 percent responsible for the accident and the County’s negligence was 20 percent responsible.
The evidence was insufficient to submit to the jury the issue of the County’s asserted negligence in failing to clear obstacles from the grassy area adjoining the road and in failing to post signs warning of such obstacles. There is no evidence of formal dedication of the road. Belflower’s case rests entirely on Section 95.361, Florida Statutes (1975), which presumes dedication from county maintenance and repair “continuously and uninterruptedly for four years.” There was evidence that a county commissioner caused the road to be cut many years ago and that twice since then other commissioners caused shell to be placed on portions of the road for the convenience of hunters. But there was an entire absence of evidence that even these desultory activities occurred within a four year period, or that the county performed any inspection or repair “continuously and uninterruptedly for four years” on what otherwise must be regarded as a private road. The judgment will be reversed and the cause remanded for entry of judgment for appellants.
REVERSED.
ERVIN, J., concurs.
BOOTH, J., dissents.