693 So.2d 612 (1997)
Diana BRADY, Shannon Sneeden, State of Florida, Department of Transportation and Broward County Expressway Authority, Appellants,
v.
STATE PAVING CORPORATION, a Pennsylvania corporation, Keith and Schnars, P.A., a Florida corporation, Frederic R. Harris, Inc., Kunde Sprecher and Associates, Inc. and Capeletti Brothers, Inc., Appellees.
Nos. 95-3380, 95-3472.
District Court of Appeal of Florida, Fourth District.
March 26, 1997.
Rehearing and Clarification Denied May 29, 1997.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and the Law Offices of Diana Santa Maria, P.A., Fort Lauderdale, for Appellants-Diana Brady and Shannon Sneeden.
Marianne A. Trussel, Assistant General Counsel and Thornton J. Williams, General Counsel, Tallahassee, for Appellant-State of Florida, Department of Transportation.
Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Lewis N. Jack, Jr. of Haddad, Josephs, Jack, Gaebe & Markarian, Coral Gables, for Appellee-State Paving Corporation.
Clifford Gorman of Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, Fort Lauderdale, for Appellee-Keith and Schnars, P.A.
J. Philip Landsman and Michael A. Trinkler of Landsman & Villella, P.A., Fort Lauderdale, for Appellee-Frederic R. Harris, Inc.
Madelyn Simon Lozano of Burd, Downs & Magathan, Miami, for Appellee-Kunde Sprecher and Associates, Inc.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for Appellee-Capeletti Brothers, Inc.
*613 PER CURIAM.
Plaintiffs were injured as a result of an accident on the Sawgrass Expressway when their car went into a puddle of water which caused it to go out of control and roll over. They sued the Department of Transportation (DOT), alleging that it knew or should have known of the dangerous condition. They also sued other defendants, the appellees, who were involved in the construction of the road, alleging that the condition was a latent defect. Plaintiffs and the DOT appeal a summary judgment in favor of those defendants based on Slavin v. Kay, 108 So.2d 462 (Fla.1958). We reverse.
In Slavin a sink fell from a wall in a motel bathroom and injured the plaintiff. The plaintiff sued the plumbing company for improper installation, and the motel for failing to maintain the premises in a safe condition. The trial court directed a verdict for both defendants, but the Florida Supreme Court reversed the directed verdict for the plumbing contractor and adopted a rule that a contractor remains liable for an injury caused by a latent defect after the owner has accepted the completed building. The court affirmed the directed verdict in favor of the owner because the defect was latent, and thus not discoverable by the owner.
Under Slavin, if the defect is not latent, the owner is charged with knowledge of it, and the contractor is relieved of liability because it is the owner's intervening negligence in not correcting it which is the proximate cause of the injury. An example of that situation was presented in Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551, 554 (Fla.1986), in which a road developed a two inch drop in the center of the pavement which caused a one car accident. In holding that the contractor could not be liable for an accident occurring after the DOT had accepted the road, the court explained: "The key to our holding in Slavin is the patentness of the defect or the owner's knowledge of the defect and the failure to remedy the defect ...."
Although the trial court in this case did not explain why it granted summary judgment for the appellees involved in the construction, whom we shall refer to as the contractors, it appears to have done so because one of plaintiffs' experts gave an opinion in his deposition that the dangerous condition was open and obvious. The contractors argued that, in light of this testimony, under Slavin they could not be held liable because the DOT had accepted the road prior to the accident and the defect was patent.
The testimony of plaintiffs' expert, however, was contradicted by evidence that the problem was not obvious. A state trooper testified on deposition that he had notified the DOT about the puddling problem, and there was evidence that the DOT had inspected and could not detect a problem. The trooper could not remember whether his advising the DOT about the problem occurred before this accident. Nor can it be determined from this record whether the DOT was notified about, or inspected the problem, before the accident.
There was also evidence that, although the water on the road may have been obvious, the depth of the water was not obvious, and it was the depth which made the condition dangerous. The test under Slavin would not be whether the water itself was obvious, but rather whether the dangerous nature of the water was obvious. Kala Invs., Inc. v. Sklar, 538 So.2d 909, 913 (Fla. 3d DCA), rev. denied, 551 So.2d 461 (Fla.1989).
We have considered the other issues raised and find them to be without merit. The summary judgment is reversed.
WARNER, J. and BARR, ROBBIE M., Associate Judge, concur.
KLEIN, J., concurs specially with opinion.
KLEIN, Judge, concurring specially.
I agree with the majority opinion, but have concerns about how Slavin will be applied in this case on remand. The contractors, at oral argument, took the position that if the DOT were found to have been liable, then as a matter of law the contractors could not be liable. Although I think Slavin is generally understood to mean that, I am not so certain after reading cases interpreting Slavin.
*614 At least two courts construing Slavin have defined a latent defect as one which is "not apparent by use of one's ordinary senses from a casual observation of the premises." Kala Invs., Inc. v. Sklar, 538 So.2d 909, 913 (Fla. 3d DCA), rev. denied, 551 So.2d 461 (Fla.1989); Hawkins v. Champion Int'l Corp., 662 So.2d 1005, 1007 (Fla. 1st DCA 1995). A jury could find from the evidence in the present case that the condition was latent under the above definition and that the contractors were therefore negligent. The question I have is whether the same jury could also find the DOT negligent in failing to have discovered the condition.
In Slavin, the court quoted from Annotation, Contractor-Liability to Third Person, 13 A.L.R.2d 191, 209 (1950) as follows:
In the case of latent defects not discoverable and not in fact discovered, the contractor's original negligence remains the proximate cause of the plaintiff's injury and may render him liable to him although the injury has occurred after the acceptance of the work by the owner.
Id. at 466. (emphasis supplied). Slavin can thus be interpreted to stand for the proposition that if the owner knew or should have known of the defect, the contractor cannot be liable.
The supreme court subsequently described the issue under Slavin to be "whether the defect was patent to the owner who contracted and accepted the contractor's completed product." Easterday v. Masiello, 518 So.2d 260, 262 (Fla.1988). What is not clear to me is whether there is a gray area between a patent condition and a latent condition where both the contractor and the owner can be liable. I think that a reasonable argument can be made, if the definition of latent defect under Kala and Hawkins is correct, that a jury could find that this was a latent condition, exposing the contractors to liability, but that the DOT was still guilty of ordinary negligence in not discovering it.
Once the DOT took control of this road, it had the same duty as a private person to properly maintain and operate it. Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912, 921 (Fla.1985). That duty is to act in a reasonably prudent manner and to warn or protect the public where the DOT knows or should know of the hazard. Hodges v. City of Winter Park, 433 So.2d 1257 (Fla. 5th DCA 1983), rev. denied, 444 So.2d 416 (Fla.1984) (cited with approval in Trianon, 468 So.2d at 921).
In another case in which it found a patent condition, the supreme court characterized the DOT as a "highly knowledgeable and sophisticated purchaser," which had extensively tested and examined the finished road. Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551, 554 (Fla.1986). Thus, even if this condition were latent under the Kala definition, I think that a jury ought to be able to find that a reasonably prudent DOT was negligent in not discovering it.
Slavin was decided in 1958, when lack of privity would have otherwise barred plaintiff's claim against the plumbing contractor who installed the sink with the latent defect. In Easterday the court, recognizing that our tort law has "significantly changed," nevertheless adhered to Slavin, explaining:
[T]he holding in Slavin that the contractor was only liable for latent defects was not based so much on the lack of privity as it was on the principle that it would be unfair to continue to hold the contractor responsible for patent defects after the owner has accepted the improvement and undertaken its maintenance and repair.
Easterday at 261.
Just as it would have been unfair, as the court said in Easterday, to hold a contractor responsible for a patent defect, I think it would also be unfair to make a contractor bear 100% of the loss caused by a latent defect which the DOT, in its expertise, should have discovered. It is also arguably contrary to the legislature's intent when it abrogated joint and several liability by enacting section 768.81, Florida Statutes, making defendants responsible only for their own negligence and not the negligence of others. In upholding the constitutionality of section 768.81, our supreme court observed:
Whatever may have been the historical justification for it, today it is almost universally regarded as unjust and inequitable to vest an entire accidental loss on one of *615 the parties whose negligent conduct combined with the negligence of the other party to produce the loss. Smith v. Department of Ins., 507 So.2d 1080, 1091 (Fla.1987) (quoting Hoffman v. Jones, 280 So.2d 431 (Fla.1973)).
In Chadbourne, Justice Adkins dissented, arguing that Slavin no longer serves a useful purpose since Florida adopted strict liability and comparative negligence. An even better case can be made for doing away with Slavin's inflexibility now that we no longer have joint and several liability. I would recede from Slavin so as to allow juries to decide whether the owner's failure to correct a condition created by the contractor is concurrent negligence or an unforseeable intervening cause. Then, in a case such as this one, if the jury found the defect was latent, but that the DOT should have discovered it, it could apportion the responsibility just as the legislature intended in section 768.81.