743 So.2d 144 (1999)
Beverly FOSTER, individually and as Personal Representative of the Estate of Angela Foster, and Miami Management Inc., Appellants,
v.
Andre Wayne CHUNG, Nissan Motor Acceptance Corporation, Amerifirst Development Corporation, SWA Group, Inc., Hoover Irrigation Corp., Houston Landscape Systems, Inc., Lennar Partners, Inc., Lennar Florida Land III QA, Ltd., Lennar Florida Land III QA, Inc., CRSS, Inc., CRSS of Florida, Inc., CRS Sirrine of Florida, Inc., Savannah Landscaping, Inc., Styles Corporation, Styles Landscape Service Co., Hardrives Company, Control Precipitation Design, Inc., Keith and Schnars, P.A., the Single Family Homes in Sawgrass Mills Association, Inc., the Residences of Sawgrass Mills Community Association, Inc., City of Sunrise, and Florida Department of Transportation, Appellees.
Nos. 98-1778, 98-1814.
District Court of Appeal of Florida, Fourth District.
October 13, 1999.
*145 Nancy Little Hoffman of Nancy Little Hoffman, P.A., Fort Lauderdale, Jeffrey C. Fox of Jeffrey C. Fox, P.A., Aventura, and Lawrence Rodgers of the Law Offices of Lawrence Rodgers, Miami, for Appellant Beverly Foster.
Gary A. Esler of Esler & Lindie, P.A., Fort Lauderdale, for Appellant-Miami Management Inc.
Timothy L. Bailey of Sullivan, Bailey & Bailey, P.A., Pompano Beach, for Appellee Control Precipitation Design, Inc.
Robert E. Ferencik, Jr., and Jordana L. Goldstein of Ferencik Libanoff Brandt & Bustamante, P.A., Plantation, for Appellee Keith and Schnars, P.A.
David C. Pollack of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, for Appellees CRSS, Inc., CRSS of Florida, Inc., and CRS Sirrine of Florida, Inc.
John E. Oramas of Daniels, Kashtan & Fornaris, P.A., Coral Gables, for Appellee SWA Group, Inc.
Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellee Hardrives Company.
BLACKWELL WHITE, A., Associate Judge.
Beverly Foster, as Personal Representative of the Estate of Angela Foster, and Miami Management, Inc. ("Miami Management"), appeal a final order of the trial court granting summary judgment in favor of several defendants in the case below.[1] We reverse.
Angela Foster died in an automobile accident after Andre Wayne Chung lost control of his vehicle while driving through a puddle of standing water. Chung crossed the roadway's median and collided head on with Angela's vehicle. Beverly Foster ("Foster") filed suit against Chung and a number of other defendants, including Miami Management, alleging, in part, that the negligent construction and maintenance of the median and irrigation system caused water to accumulate on the roadway, creating a hazardous condition, and that the roadway itself was negligently constructed, designed, and maintained.
*146 Keith and Schnars, P.A. ("Keith and Schnars"), the project engineers responsible for designing the roadway and basic median where the accident occurred, filed a motion for summary judgment in the case. In opposition to the motion, Foster filed an affidavit of an expert witness who performed an accident reconstruction analysis which led to his opinion that the accumulation of water in the roadway was "within reasonable probability, associated with improper compacting effort during construction of the base material" underneath the pavement.
At the hearing on the motion, Foster argued that the roadway, as constructed by Keith and Schnars, contained a subsurface latent defect and that the sprinkler system, poor irrigation system, and latent defect in the road jointly contributed to the accident. Foster also asserted that Keith and Schnars had a duty to warn others of the dangerous condition in the roadway. Keith and Schnars countered that the issue of whether the alleged defect was latent or patent was not important because the defect was discoverable and, in fact, was discovered. In particular, according to Keith and Schnars, since inspection and acceptance of the roadway in 1990, the City of Sunrise ("the city") discovered that the roadway accumulated water after two other accidents took place on the same portion of highway. Keith and Schnars claimed that the city's failure to correct the known problem with the accumulation of water on the roadway discharged Keith and Schnars and others involved in the construction of the roadway of liability for accidents allegedly caused by that problem. The city argued that the prior accidents did not provide notice of the condition because one accident took place three blocks away from the scene of the collision which killed Angela Foster and the second accident resulted from a malfunctioning sprinkler system.
In its order granting the summary judgment, the trial court found that Keith and Schnars was entitled to prevail on its motion under the holding of Slavin v. Kay, 108 So.2d 462 (Fla.1958). The court found that the condition of the water on the roadway at the site of the accident was an open and obvious, thus patent, condition and that Foster acknowledged in her complaint that the dangerous nature of the water on the roadway was an obvious condition by asserting that Keith and Schnars failed to warn of the dangerous condition prior to the accident. In addition, the trial court granted summary judgment for several similarly situated defendants on the same basis. This appeal followed.
Foster and Miami Management, one of the remaining defendants in the case, assert on appeal that the trial court erred in granting summary judgment in the case because material facts were in dispute as to whether the defect was patent or latent at the time that the city accepted Keith and Schnars' work and as to whether the city obtained knowledge of the defect in the roadway prior to Angela Foster's accident. We agree.
Under the Slavin doctrine, a contractor is not liable to third parties for injuries that occur after the contractor has completed its work and the work has been accepted by the property owner if the defect is found to be a "patent" defect which the owner could have discovered and remedied. The rationale of the rule is that
[b]y occupying and resuming possession of the work the owner deprives the contractor of all opportunity to rectify his wrong. Before accepting the work as being in full compliance with the terms of the contract, he is presumed to have made a reasonably careful inspection thereof, and to know of its defects, and if he takes it in the defective condition, he accepts the defects and the negligence that caused them as his own, and thereafter stands forth as their author.
Slavin, 108 So.2d at 466; see also Easterday v. Masiello, 518 So.2d 260 (Fla.1988)(applying Slavin doctrine to architects and engineers).
*147 This court recently had occasion to apply the Slavin doctrine to an alleged defect in a roadway in Brady v. State Paving Corp., 693 So.2d 612 (Fla. 4th DCA), review denied, 705 So.2d 10 (Fla.1997). In that case, the plaintiffs were injured after their car drove through a puddle of water which caused it to go out of control and roll over. The plaintiffs sued the Department of Transportation, alleging that it knew or should have known of the dangerous condition, and other defendants who were involved in the construction of the road, alleging that the condition was a latent defect. We reversed the trial court's entry of summary judgment for a defendant based on the Slavin doctrine, finding that a genuine issue of material fact existed as to whether the dangerous condition was patent or latent. Deposition testimony submitted in support of and in opposition to the summary judgment conflicted as to the open and obvious nature of the puddling problem on the highway at issue in that case.
Similarly, in this case, the only evidence on the question of the nature and cause of the defect at issue was the expert affidavit presented by Foster in which the expert opined that the ponding of water on the roadway which contributed to the accident developed over a period of time as the improperly compacted base material settled and caused the pavement surface to form areas for subsequent ponding. That affidavit reveals, at the very least, the existence of a question of fact as to whether the alleged defect was patent when the work was accepted by the city. In addition, we find that a material issue of fact exists as to whether the city knew or should have known of the defect due to the two other accidents on the highway at issue. As we concluded in Brady, "although the water on the road may have been obvious, the depth of the water was not.... The test under Slavin would not be whether the water itself was obvious, but rather whether the dangerous nature of the water was obvious." Brady, 693 So.2d at 613; accord Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551 (Fla.1986).
Further, while resolution of the above issue is dispositive of this appeal, we also write to note that although we find it unnecessary for the plaintiff to amend her complaint in order for the complaint to withstand a motion for summary judgment on the Slavin issue, Foster's request for leave to amend should be granted on remand. See Karn v. Coldwell Banker Residential Real Estate, Inc., 705 So.2d 680 (Fla. 4th DCA 1998).
We reverse the summary judgment granted as to all defendants and remand this case to the trial court for proceedings in accordance with this opinion.
REVERSED and REMANDED.
WARNER, C.J., and TAYLOR, J., concur.
NOTES
[1] We have jurisdiction in this matter pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).