POLEN, J.
This appeal arises out of the purchase and allegedly negligent installation of carpet and its resulting injury to Appellant. For the reasons set forth below, we reverse.
The facts are for the most part undisputed. Appellant’s mother is a homeowner in Davie, Florida. In 1995, the mother purchased carpeting for a staircase from Sears. Sears installed the carpeting through its contractor Flamingo. The carpeting was not installed correctly the first time, and it had to be taken up and replaced.
A few months after the second installation, another problem became apparent and Sears was again notified. In fact, the record reflects abundant unsuccessful attempts by the mother to rectify the dangerous condition. Sears instructed Flamingo to look at the problem, and fix whatever needed to be corrected. The mother was waiting for a plastic runner to be installed, which never occurred. The parts, however, were still on order as late as January 29, 2000. After an indeterminate period of time without any success on the part of Flamingo, the mother returned to Sears whereupon she was reassured that Sears would remedy the problem. The mother, believing Sears stood behind its product, kept returning to Sears and thus never attempted to have an independent company address the problem. On March 25, 2000, before Sears could ever remedy the problem, Appellant fell on the staircase sustaining serious injury.
Appellant sued Sears and Flamingo for negligent installation of the carpet. Sears and Flamingo moved for summary judgment arguing that there are no genuine issues of material fact, and that pursuant to the Slavin doctrine, the mother’s failure to rectify the known defect is the proximate cause of Appellant’s injuries. The trial court granted summary judgment for the Appellees.
In order to determine the propriety of a summary judgment, this court must resolve whether there is any genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The proper standard of review of a summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
The Slavin doctrine considers the respective liability of an owner and contractor, after the owner has resumed possession of the construction, for injuries to a third person for negligence of the contractor in the construction of the im *1209 provement. In Slavin v. Kay, 108 So.2d 462 (Fla.1958), the Supreme Court held that a contractor is relieved of liability for damages caused by a patent defect after control of the completed premises has been turned over to the owner. If the owner accepts work from a contractor, the owner is obligated to make any patent defects safe. “If the defect were patent or if the owner learned of it and did not rectify the condition then the owner’s negligence is the proximate cause of the injury rendering the owner liable and exonerating the contractor.” El Shorafa v. Ruprecht, 345 So.2d 763, 764 (Fla. 4th DCA 1977).
At bar, there is no dispute that there was a patent defect. Rather, Appellant argues that there are material issue of facts to be resolved concerning whether the installation of the carpet was ever completed or accepted. In Foster v. Chung, 743 So.2d 144, 146 (Fla. 4th DCA 1999) this Court, restating the holding in Slavin, held “[a] contractor is not liable to third parties for injuries that occur after the contractor has completed its work and the work has been accepted by the property owner.” Thus, the work must also be fully completed before the owner becomes liable and the contractor is exonerated.
Upon viewing the facts in a light most favorable to Appellant, it cannot be conclusively established that the work was ever completed. When the problem initially appeared, the carpet was replaced. After the problem recurred with the replaced carpet, the mother complained to Sears and a long series of attempts to correct the defect is reflected in the record. The defect has still yet to be corrected, further evidencing the fact that the work was never completed or accepted. Furthermore, the circumstances of this case do not fit squarely with the rationale of Slavin since Sears was actually requested to rectify its wrong. See Foster, 743 So.2d at 146 (“The rationale of the rule is that by occupying and resuming possession of the work the owner deprives the contractor of all opportunity to rectify his wrong.”). Consequently, the Slavin doctrine is inapplicable. Final summary judgment is reversed, with instructions to conduct further proceedings consistent with this opinion.
REVERSED and REMANDED.
KLEIN and STEVENSON, JJ., concur.