STONE, J.
A customer of The Pep Boys-Manny, Moe & Jack, Inc. (Pep Boys) was injured in a trip and fall accident, allegedly caused by a nail protruding from an asphalt parking lot. Three months earlier, protective “parking bollards” were installed in that area as a barrier between cars and the Pep Boys building. Four Seasons Commercial Maintenance, Inc. and Ferrari Construction Co., Inc. (the contractor) performed the installation. The complaint assumes *1161 that the nail was a defect resulting from the installation of the “parking bollards.”
The trial court granted summary judgment in favor of the contractor because Pep Boys presented no evidence that the protruding nail was not discernable or that the dangerous nature of the nail would not have been discoverable during the course of a reasonable inspection. We reverse.
The complaint asserts the plaintiffs injury was a result of Pep Boys’ negligence in maintaining its premises. It also claims the contractor had a duty to exercise reasonable care in performing the project and the duty was breached by creating a dangerous latent condition on the premises. The contractor responded by the motion for summary judgment, asserting that Slavin v. Kay, 108 So.2d 462 (Fla.1959), is controlling and that summary judgment must be granted as a matter of law because Pep Boys had accepted the project from the contractor and “the defective nature of the imbedded nail was obvious to Pep Boys and clearly discoverable upon reasonable inspection.”
In Slavin, the Florida Supreme Court determined that a contractor is not liable to third parties once the work has been accepted by the owner of the premises and the owner has knowledge of the defect, or the defective nature of the condition is patent. Id. at 466. The test for patency is whether the defective nature of the condition would be obvious to the owner with the exercise of reasonable care. See Kala Inv., Inc. v. Sklar, 538 So.2d 909, 913 (Fla. 3d DCA 1989). The holding in Slavin is based on the “principle that it would be unfair to continue to hold the contractor responsible for patent defects after the owner had accepted the improvements and undertaken its maintenance and repair....” Easterday v. Masiello, 518 So.2d 260, 261 (Fla.1988).
We conclude that material issues of fact exist as to the patency of the defective condition. Therefore, the trial court erred- in granting the motion for summary judgment. Where the record demonstrates the possibility of a disputed fact, summary judgment is improper. Albelo v. Southern Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). Every possible inference must be viewed in favor of the non-moving party and, if there is- any doubt that a material issue remains unresolved, summary judgment must be reversed. See Moore v. Morris, 475 So.2d 666 (Fla.1985).
Pep Boys’ response in opposition to summary judgment contests the contractor’s contention that the nail was an obvious condition. There is deposition testimony by the plaintiff that the nail was dark in color and blended in with the surrounding asphalt, making it difficult to see. Further, the manager of Pep Boys stated the nail was not readily observable and that hé had never noticed it in the thirty to forty times he had walked by the area in the parking lót. The assistant store manager also testified that the nail was difficult to see “unless you came up on it” because of its similar color to the surrounding asphalt.
There is, therefore, an issué as to the extent to which the nail was observable. Where a jury could find from the evidence that a defect is latent, summary judgment should not be entered. See Brady v. State Paving Corp., 693 So.2d 612, 613 (Fla. 4th DCA 1997). In Brady, a plaintiff, injured in an intrastate automobile accident, alleged that the state transportation department knew, or should have known, that a puddle of water on the roadway created a dangerous condition. The trial court granted the state transportation department’s motion for summary judgment, and this court reversed based on a finding that there existed a disputed issue of material fact.as to whether the dangerousness of the condition was patent or latent. Id. *1162 Specifically, this court found that, while expert testimony established that the state department had accepted the “open and obvious” condition of the road, other evidence established that the depth and dangerous effect of the puddled water was hidden and not reasonably discoverable. Id.
We also note that some courts have defined a latent defect even more broadly, as one which is “not apparent by use of one’s ordinary senses from a casual observation of the premises.” Kala; Hawkins v. Champion Int'l. Corp., 662 So.2d 1005, 1007 (Fla. 1st DCA 1995). See Brady, 693 So.2d at 614 (Klein, J., concurring). We need not resolve, here, whether we agree with this definition.
Here, assuming that the nail was attributable to the contractor’s work, the record does not establish, as a matter of law, that the nail would have been observed in a reasonable inspection. Under such circumstances, whether a reasonable person would discover the defect upon a reasonable inspection remains an issue of fact.
Therefore, the summary final judgment is reversed, and we remand for further proceedings.
GUNTHER and TAYLOR, JJ., concur.